# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ERVIN C. CALDWELL,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-345**   (JCN: 2020016417)

**FILED**
**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HEALTH TEAM CRITICAL CARE TRANSPORT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ervin C. Caldwell appeals the July 31, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Health Team Critical Care Transport, LLC, ("HTCCT") filed a response.[1] Mr. Caldwell did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for left L5-S1 microdiscectomy, pre-admission testing, and a post-operative visit.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 26, 2019, while working for HTCCT, Mr. Caldwell suffered an injury to his low back when he attempted to stop a patient from falling during a transfer. Mr. Caldwell reported that he felt a popping and burning sensation followed by immediate pain. On the same day, Mr. Caldwell was seen in the emergency department at Charleston Area Medical Center. The claim administrator issued an order dated January 7, 2020, holding the claim compensable for lumbar strain.

Mr. Caldwell began treating with James Harman, D.O., a neurosurgeon, on January 8, 2020. Mr. Caldwell reported low back pain radiating down his left leg. Based on his symptoms, Dr. Harman indicated that Mr. Caldwell may be suffering from sacroiliitis. Mr. Caldwell began physical therapy on January 17, 2020. On February 13, 2020, Mr. Caldwell underwent an MRI of the lumbar spine, revealing mild to moderate degenerative disc

---

[1] Mr. Caldwell is represented by James D. McQueen, Jr., Esq. HTCCT is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq.

1

disease at L5-S1, with a mild central disc bulge. Mr. Caldwell followed up with Dr. Harman on February 14, 2020. Mr. Caldwell indicated that the physical therapy had decreased his pain. Dr. Harmon opined that the disc bulge was not contributing to the claimant's pain but that instead, it was caused by the sacroiliac joint. Dr. Harman further opined that sacroiliitis was the "most likely" diagnosis and requested authorization for sacroiliac injections and additional physical therapy for the treatment of sacroiliitis.

Mr. Caldwell was evaluated by Prasadarao Mukkamala, M.D., on December 1, 2020. Mr. Caldwell reported low back pain radiating down his left leg. Dr. Mukkamala disagreed with Dr. Harman's diagnosis of sacroiliitis and stated that there is no credible medical evidence to diagnose sacroiliitis. Dr. Mukkamala explained that the low back pain could explain the sacroiliac joint symptoms, as the symptoms overlap. Dr. Mukkamala opined that Mr. Caldwell had not reached maximum medical improvement ("MMI") for his compensable injury. On May 4, 2021, Mr. Caldwell was reevaluated by Dr. Mukkamala. Dr. Mukkamala reiterated that he did not believe that sacroiliitis should be a compensable condition in this claim because there was no evidence of sacroiliitis clinically or radiologically. Further, Dr. Mukkamala opined that Mr. Caldwell had reached MMI for lumbar strain, that he could return to work with no restrictions, and that he required no further medical treatment.

On July 11, 2022, Mr. Caldwell followed up with Dr. Harmon and reported that the left SI joint injection provided 80% relief but only lasted one week. Mr. Caldwell stated that he would like to pursue surgical treatment.

On April 12, 2023, Mr. Caldwell underwent a lumbar MRI, revealing a progressive herniation of the left L5-S1 compressing the S1 root. On May 5, 2023, Mr. Caldwell was seen by Dr. Harmon and reported left low back pain radiating down the buttock, hamstring, to the calf. On June 13, 2023, Mr. Caldwell underwent left L5-S1 microdiscectomy. The pre- and post-operative diagnosis was left L5-S1 disc herniation with radiculopathy. On September 8, 2023, Mr. Caldwell had a post-operative follow up with Dr. Harmon and reported no radicular symptoms into his leg.

Mr. Caldwell was evaluated by Bruce Guberman, M.D., on December 7, 2022. Mr. Caldwell reported low back pain radiating down his left leg, with numbness and weakness in his left leg. Dr. Guberman diagnosed Mr. Caldwell with post-traumatic sacroiliitis on the left side. Dr. Guberman attributed the sacroiliitis to the compensable injury. Dr. Guberman opined that Mr. Caldwell was not at MMI and recommended a left sacroiliac joint fusion.

On May 25, 2023, the claim administrator issued an order denying authorization for left L5-S1 microdiscectomy surgeon and assist surgeon fees, pre-admission testing, and a post-operative visit based on a finding that the request was neither medically necessary nor

reasonably required for a compensable condition of the claim. Mr. Caldwell protested this order.

Mr. Caldwell was evaluated by Philip Chandler, M.D., on March 2, 2024. Dr. Chandler opined that no further treatment was indicated for the compensable condition of lumbar sprain. On March 5, 2024, Mr. Caldwell was reevaluated by Dr. Guberman. Dr. Guberman assessed chronic posttraumatic musculoligamentous strain/sprain of the lumbar spine, aggravation of preexisting L5-S1 disc herniation resulting in left-sided radiculopathy, status post left L5-S1 microdiscectomy on June 13, 2023, and history of posttraumatic sacroiliitis on the left side. Dr. Guberman opined that the compensable injury caused progression of the pre-existing L5-S1 disc disease causing left-sided radiculopathy, significantly improved by the left L5-S1 microdiscectomy. Dr. Guberman opined that Mr. Caldwell had reached MMI.

On July 31, 2024, the Board affirmed the claim administrator's order denying authorization for left L5-S1 microdiscectomy, pre-admission testing, and a post-op visit. The Board found that Mr. Caldwell failed to establish that the requested left L5-S1 microdiscectomy, pre-admission testing, and post-operative visit were medically related and reasonably required for treatment of the compensable condition. Mr. Calwell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Caldwell argues that the Board failed to appropriately apply the Supreme Court of Appeals of West Virginia's ("SCAWV") holding in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), to the facts of this claim.[2] Mr. Caldwell further argues that the Board improperly ignored the expertise of his treating physician. Finally, Mr. Caldwell argues that medical evidence establishes that lumbar disc surgery is reasonable medical treatment for the progression of his compensable injury. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board determined that the evidence establishes that the treatment of left L5-S1 microdiscectomy, pre-admission testing, and a post-operative visit was requested for the condition of intervertebral disc disorders with radiculopathy of the lumbosacral region. The Board noted that intervertebral disc disorders with radiculopathy of the lumbosacral region is not a compensable component of the claim, and thus, found that the requested treatment is not medically related and reasonably required for the compensable injury.

Further, the Board noted that previously in this claim, the denial of authorization of sacroiliac injections for the condition of sacroiliitis was affirmed by this Court because the only compensable condition in this claim is lumbar strain. *See Caldwell v. Health Team Critical Care Transport, LLC*, No. 23-ICA-347, 2023 WL 8931615 (W. Va. Ct. App. Dec. 27, 2023) (memorandum decision).[3] The Board stated that:

> In addressing the claimant's argument that sacroiliitis should be a compensable condition in the claim, the ICA found that the compensability of sacroiliitis was not the issue before the Board; the issue was authorization of treatment for sacroiliitis, which is not a compensable condition in the claim. Likewise, the issue currently before the Board is authorization of treatment for intervertebral disc disorders with radiculopathy of the lumbosacral region, which is not a compensable condition of the claim.

---

[2] The holding in *Moore* applies to the compensability determination of a claim. Thus far, the SCAWV has declined to extend *Moore* to issues related to treatment authorization. The issue properly before this Court in the instant claim is treatment authorization, therefore, we decline to address any arguments related to the holding in *Moore*.

[3] This decision was affirmed by the SCAWV on February 11, 2025. *See Caldwell v. Health Team Critical Care Transport, LLC*, No. 24-121, 2025 WL 464320 (W. Va. 2025).

Upon review, we conclude that the Board was not clearly wrong in finding Mr. Caldwell failed to establish that the requested treatment is medically related and reasonably necessary for treatment of lumbar strain. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying left L5-S1 microdiscectomy, pre-admission testing, and a post-operative visit.

We note that, similar to the previous issue in this claim before this Court, Mr. Caldwell's counsel is arguing that intervertebral disc disorders with radiculopathy of the lumbosacral region are a progression of Mr. Caldwell's compensable condition and thus treatment should be authorized. However, this condition has not been requested to be added as a compensable component of the claim. Thus, treatment is being requested for a condition that is not currently compensable in this claim. This Court, again, declines to reverse the Board's order denying authorization for treatment of a noncompensable condition.

Accordingly, we affirm the Board's July 31, 2024, order.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White